IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JoHann Kaspar, et. al.,
    Plaintiffs,

                              Case Nos. 2:06-cv-868

vs.

                              JUDGE GRAHAM

Merck & Co. Inc.,
    Defendant.

**ORDER**

On September 25, 2006, Plaintiffs JoHann and Hannah Kaspar brought this action against Defendant Merck & Co., Inc. ("Merck"), the maker of the prescription drug known as Vioxx, in the Guernsey County, Ohio, Common Pleas Court (Doc. 3).  Plaintiffs' Complaint alleged that Merck knew or should have known of the "increased cardiovascular, cardiocerebral, and other adverse health risks," allegedly associated with Vioxx, and that Merck "ignored the health risks associated with Vioxx."  (Compl. ¶ 10.)  Merck removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332 on October 16 (Doc. 2).

On October 17, Merck moved this Court for a stay of these proceedings pending the likely transfer of this action to <u>In re Vioxx Mktg., Sales Practices & Prods. Liabl. Litig</u>., MDL No. 1657, as a "tag-along" action (Doc. 7).  Plaintiffs failed to respond to this Motion.

Pursuant to 28 U.S.C. § 1407, the MDL Panel issued the first Transfer Order establishing MDL No. 1657 on February 16, 2005.  In that Order, the Panel stated:

> On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses

> and promote the just and efficient conduct of the litigation. All actions focus on alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In re Vioxx Prods. Liab. Litg., 360 F. Supp. 2d 1352, 1353-54 (J.P.M.L. 2005).

It is well-established that the decision of whether to grant a stay in an action is within a court's inherent power and is discretionary. Landis v. North Am. Co., 299 U.S. 248, 254-255 (1936) ("[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). As has been decided in numerous other Vioxx actions of this nature, including several within the Sixth Circuit, "[a] stay is particularly appropriate . . . as the MDL Panel has already determined that the claims involve common questions of fact and that coordination under § 1407 is appropriate." Jackson v. Merck & Co., Inc., No. 06-1004-T/An, 2006 U.S. Dist. LEXIS 96635, at *3 (W.D. Tenn. Feb. 19, 2006).

Having the pretrial issues decided in the MDL proceeding will doubtless promote judicial economy and conserve resources. Nor does the Court find any risk of potential prejudice to Plaintiffs, particularly in light of the fact that they have not opposed Merck's Motion. More importantly, however, the potential risk of prejudice or hardship to Merck by way of duplicative pretrial

motions and discovery should these proceedings <u>not</u> be stayed is great.

    For the forgoing reasons, the Court GRANTS Defendant's Motion (Doc. 7) and stays all proceedings in this matter pending transfer to MDL No. 1657.  The Court advises Plaintiffs that if the anticipated transfer of this action does not occur, Plaintiffs shall so inform this Court and move to set aside the stay within a reasonable period of time.

    It is so ORDERED.

                                  <u>s/ James L. Graham</u>
                                  JAMES L. GRAHAM
                                  United States District Judge

DATE: December 11, 2006